# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARREN L. CEPHAS,

                Plaintiff,

    v.

GEORGE W. HILL CORRECTIONAL
FACILITY, et al.,

                Defendants.

CIVIL ACTION

No. 09-6014

## MEMORANDUM

Plaintiff Darren Cephas, an inmate at the George W. Hill Correctional Facility ("GWHCF" or "the prison") in Delaware County, Pennsylvania, has filed a *pro se* complaint against the prison and GEO Group, Inc. ("GEO")[1] for allegedly providing substandard medical care in violation of the Eighth Amendment and 42 U.S.C. § 1983. Defendants now move (docket no. 11), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim upon which relief may be granted. Plaintiff has opposed the motion in a document titled "Brief to Continue Complaint" (docket no. 13).

"The George W. Hill Correctional Facility is not a legal entity susceptible to suit." *Ignudo v. McPhearson*, No. 03-cv-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10,

---

[1]    The complaint identifies this entity as "GEO" and "George W. Hill Correction Facility GEO." Plaintiff does not, however, contest defendants' identification of the relevant party as GEO Group, Inc.

1

2004); *accord, e.g.*, *Jenkins v. Del. County Prison*, No. 91-cv-7071, 1992 WL 59130, at *1 (E.D. Pa. Mar. 20, 1992). Plaintiffs' claims against GWHCF will therefore be dismissed with prejudice.

GEO contends that plaintiff's claims against it must be dismissed because "[p]laintiff has failed to make any factual allegations of a policy [or] custom . . . sufficient to set forth a viable claim." Defs.' Mem. at 5. GEO is correct that, because it is not an individual, but presumably either a public entity or a private entity used by Delaware County to provide prison services,[2] and because "[t]he doctrine of *respondeat superior* may not be employed to impose § 1983 liability," *McCullum v. City of Phila.*, No. 98-cv-5858, 1999 WL 493696, at *3 (E.D. Pa. July 13, 1999), plaintiff must allege that "an institutional policy or custom cause[d] a violation of plaintiff's constitutional rights." *Morgan-Mapp v. George W. Hill Corr. Facility*, No. 07-cv-2949, 2008 WL 4211699, at *15 (E.D. Pa. Sept. 12, 2008). Dismissal of deliberate indifference claims against institutional defendants is, in other words, proper when a plaintiff does not allege either "that the [defendant] had a policy of denying medical treatment to inmates" or "that other inmates suffered similar deprivations of medical attention that might establish a custom." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

---

[2] The complaint does not specify GEO's specific status or role. But given that the focus of the complaint is on the assertedly inadequate medical care afforded plaintiff, I will assume that GEO is an entity involved in the provision of medical services at GWHCF.

Plaintiff's complaint gives no indication that any policy or custom of GEO is at issue. But, by contrast with the complaint, plaintiff's "Brief to Continue Complaint" *does* suggest that GEO had a custom of denying medical treatment. *See* Pl.'s Mem. at 11 ("There are human lives on the line for this company to be professional[ly] attentive to needs. Other human beings w[ere] not as fortunate as Plaintiff to live through this company's failed obligation[s]."). The Third Circuit has nevertheless stated that "a prisoner plaintiff . . . should not be able effectively to amend a complaint through any document short of an amended pleading." *Grayson*, 293 F.3d at 109 n.9. This court therefore cannot construe plaintiff's brief as a supplement to his complaint. Because the complaint itself is devoid of allegations that GEO engaged in a policy or custom of denying medical treatment, GEO's motion to dismiss will be granted. Plaintiff will, however, be afforded thirty days in which to file an amended pleading against GEO. *See id.* at 114 (reaffirming that prisoners "who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile").

Although plaintiff's Brief to Continue Complaint cannot be construed as a supplemental complaint, it is best construed as, in part, a motion to amend the complaint. Specifically, plaintiff seeks to (1) add Ronald Naridillo, the warden of GWHCF, as a defendant, and (2) add a First Amendment retaliation claim based on allegations that the withdrawals made from Cephas's prison account in order to satisfy the fee for filing this

case exceed the payments specified by 28 U.S.C. § 1915(b). *See* Pls.' Mem. at 7-9, 12.

Plaintiff filed his Brief to Continue Complaint on March 1, 2010, one week after

defendants filed their motion to dismiss. At that time, plaintiff remained eligible to file

an amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1).[3]

Nonetheless, because plaintiff filed his Brief to Continue Complaint instead of an

amended complaint, this court "will treat this as a case in which leave of court is required

to amend." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989).

When leave to amend a pleading is required, leave "shall freely be given when

justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend may be denied,

however," in limited circumstances, including "if amendment would be futile." *Alvin v.*

*Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). In this case, plaintiff's proposed addition of the

warden as a defendant would be futile. "Under Third Circuit case law, '[a] defendant in a

civil rights action must have personal involvement in the alleged wrongs' to be liable."

*Monk v. Williams*, 516 F. Supp. 2d 343, 349 (D. Del. 2007) (quoting *Sutton v. Rasheed*,

323 F.3d 236, 249 (3d Cir. 2003)) (internal quotation marks omitted). But neither the

existing complaint nor plaintiff's proposed amendment alleges that Warden Naridillo had

*any* connection to the medical treatment of which plaintiff complains. Absent allegations

of that kind, if – as would surely happen – Naridillo were to file a motion to dismiss for

---

[3]     Rule 15(a)(1) provides that "[a] party may amend its pleading once as a
matter of course within" either "21 days after serving it" or "21 days after service of,"
among other things, "a motion under Rule 12(b)."

failure to state a claim upon which relief may be granted, this court would be required to grant the motion to dismiss. Accordingly, the portion of the Brief to Continue Complaint that seeks to add the warden as a defendant will be denied, but without prejudice.

Addition of the claim based on the allegedly unlawful withdrawals from plaintiff's account would, at this point, also be futile. Plaintiff does allege that, once the prison learned of his lawsuit, "more money than the court order called for" was removed from his prison account. Pl.'s Mem. at 7. This "implicates conduct protected by the First Amendment," and sufficiently alleges that the removal of moneys was causally connected to Cephas's choice to file suit. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Assuming that the removal of funds would be "sufficient to deter a person of ordinary firmness from exercising his constitutional rights," *id.* (internal quotation marks omitted), the motion to amend would sufficiently allege all three elements of a First Amendment retaliation claim. *See id.* Nonetheless, Cephas's allegations of retaliation would remain a claim in search of a defendant – for the reasons stated above, GWHCF cannot be sued, Cephas's Brief to Continue Complaint does not allege a policy or custom of retaliation on behalf of GEO, and Cephas identifies no other specific defendant as responsible in some measure for the alleged retaliation. Accordingly, the Brief to Continue Complaint will also be denied, but without prejudice, insofar as it seeks to add a claim for First Amendment retaliation.

An appropriate order accompanies this memorandum.