UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN L. CEPHAS,<br><br>                Plaintiff,<br><br>  v.<br><br>GEORGE W. HILL CORRECTIONAL<br>FACILITY, et al.,<br><br>                Defendants. | CIVIL ACTION<br><br>No. 09-6014 |

**MEMORANDUM & ORDER**

Darren Cephas, an *in forma pauperis* and *pro se* litigant, has filed two § 1983 claims arising from his incarceration at George W. Hill Correctional Facility in Delaware County, Pennsylvania ("the Prison"). Am. Compl., Docket No. 19. The first claim is for deliberate indifference to his medical needs. Am. Compl. at 1–2. The second claim is for retaliation. Am. Compl. at 3. The defendants' motion to dismiss is currently before the court. Docket No. 24. For the following reasons, the motion to dismiss will be granted with leave to amend, and the court will request that counsel be appointed to represent Cephas.

Background

In his amended complaint, Cephas alleges that The GEO Group, Inc. ("GEO")—a private company that provides medical services to inmates at the Prison—was indifferent to his medical needs because: (1) his repeated requests for medical attention went

unanswered; (2) he was not given emergency attention on a night when he had a high fever; (3) he never received bandages to cover his infected calf; and (4) his medication was stopped abruptly. Am. Compl. at 1–2. Cephas further alleges that in retaliation for the deliberate indifference claim he filed, Bruce St. Claire in the Prison's business office improperly withdrew funds from Cephas's inmate account. Am. Compl. at 3.

## Motion to Dismiss Standard

In order to survive a motion to dismiss for failure to state a claim, a complaint need only include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus plaintiffs must include "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The court will liberally construe Cephas's allegations because he is a *pro se* plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, Cephas will be granted leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## Eighth Amendment Claim

Cephas alleges in his amended complaint that GEO was indifferent to his medical needs. Am. Compl. at 1–3. First, he alleges that he filed a medical request because his calf muscle was infected, but got no response. Am. Compl. at 1–2. Cephas then

submitted grievances, which also went unanswered. Am. Compl. at 1. This delay "[led] up to worse conditions." *Id.* Cephas further alleges that other inmates who had infections were getting "the same results." *Id.* Second, Cephas alleges that on or about December 14, 2007, he pushed the emergency button in his cell for over three hours with no response from the guards. *Id.* By the time officers arrived, Cephas had passed out, sustained injuries to his head, urinated on himself, and had a temperature of 104°F. *Id.* Third, Cephas alleges that when he asked for bandages, a nurse required him to submit a written request; at that point, his infection was leaking blood and pus. Am. Compl. at 2. In lieu of bandages, Cephas wrapped his calf in "ripped bed sheets and toilet paper." *Id.* Fourth, Cephas alleges that his medication was stopped abruptly because the prescription had run out. *Id.*

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). Deliberate indifference is established when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The deliberate indifference standard is met under various circumstances, the most relevant to this case include: (1) "[w]here prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat

of tangible residual injury;" (2) "where knowledge of the need for medical care [is coupled with] . . . intentional refusal to provide that care;" and (3) where "necessary medical treatment is delayed for non-medical reasons." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotation marks and citations omitted). Moreover, because GEO is not an individual and because § 1983 liability will not arise from the doctrine of *respondeat superior*, the plaintiff must allege that his constitutional rights were violated as a result of an institutional policy or custom. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691, 694 (1978).

In this case, even assuming that Cephas has made allegations which would establish deliberate indifference on the part of the individual prison officials, he has not made an allegation that GEO maintains a policy or custom that contributed to an alleged § 1983 violation. For example, Cephas alleges that he had an infection which prompted him to file medical requests and grievances, but he received no response from GEO. But he does not allege that GEO maintained a policy or custom of being unresponsive to medical requests, with the exception of his conclusory statement: "During that time there was [sic] other inmates infected getting the same results throughout the prison." Am. Compl. at 1. Also, Cephas alleges that when he saw a prison nurse, she told Cephas that he needed to put in a request for bandages. He does not allege, however, what GEO's policy regarding bandage distribution was or whether it constituted deliberate indifference. Accordingly, Cephas's amended complaint will be dismissed with leave to amend because it is conceivable that Cephas will be able to cure the deficiencies in his

amended complaint.

## Retaliation Claim

Cephas alleges that in response to his Eighth Amendment claim, an individual in the prison's business department withdrew money from Cephas's inmate account more frequently than permitted under 28 U.S.C. § 1915(b)(2);[1] the withdrawals were to pay the filing fee Cephas incurred from the Eighth Amendment claim. Am. Compl. at 3. The retaliation claim is deficient in details, it reads in its entirety:

> The retaliation claim on this complaint is the buisness [sic] department. the [sic] claim is not based on allegations and it is a violation of the first amendment right. Every thing [sic] is in the paper work [sic] from receipts. The person that was in that department is Bruce St. Claire.

*Id.*

"A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotation marks omitted). Here, Cephas has a "constitutional right to petition the Government for redress of [his] grievances, which includes a reasonable right of access to the courts." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984).

---

[1] A prisoner proceeding as an *in forma pauperis* plaintiff is required to pay a filing fee to the court; instead of making an up-front payment, the filing fee is paid in monthly installments from the prisoner's inmate account. 28 U.S.C. § 1915(b)(2).

In its current form, Cephas's pleading cannot withstand a 12(b)(6) motion because it sets out insufficient facts to substantiate the elements of the claim. Cephas does not make any specific factual allegations about how much money was withdrawn from his inmate account, when the withdrawals occurred or why the withdrawals were improper. Absent such allegations, the Defendants have not been given "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47). Thus, the court will dismiss the retaliation claim with leave to amend.

## Appointment of Counsel

Cephas requested appointment of counsel on December 15, 2010, and Magistrate Judge M. Faith Angell denied the request without prejudice on December 23, 2010. This request and denial occurred after Cephas's original complaint had been dismissed with leave to amend. As noted above, the court will now dismiss the amended complaint, but will again grant leave to amend. Because it is apparent that (1) Cephas's lawsuit has "arguable merit in fact and law," but (2) he is unable to draft adequate pleadings, the court will refer this matter to the *Pro Se* Prisoner Civil Rights Panel for consideration.[2]

---

[2] When deciding whether to appoint counsel, the Third Circuit requires district courts to first determine whether the case has "arguable merit in fact and law," and then assess factors including: "(1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses." *Cuevas v. United States*, No. 10-2412, 2011 WL 1303447, at *2 (3d Cir. Apr. 6, 2011) (citing *Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993)). At a

\* \* \* \*

**AND NOW**, this _11_ day of July 2011, **IT IS HEREBY ORDERED** as follows:

(1) The Defendants' motion to dismiss, Docket No. 24, is **GRANTED**, and Plaintiff's complaint is **DISMISSED** without prejudice; and

(2) the court requests counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). The Clerk is directed to forward this case to the *Pro Se* Prisoner Civil Rights Panel for consideration.

BY THE COURT:

_/s/_ Louis H. Pollak_
Pollak, J.

---

minimum, factors (1) through (4) all weigh in favor of appointing counsel.